KALORAMA CITIZENS ASSOCIATION and Adams–Morgan Business Association, Petitioners,

v.

DISTRICT OF COLUMBIA BOARD OF ZONING ADJUSTMENT, Respondent,

and

Eugene A. Thompson, Intervenor.

No. 92–AA–385.

District of Columbia Court of Appeals.

Argued Feb. 3, 1994.

Decided Feb. 9, 1994.*

Judith B. Ittig, Falls Church, VA, for petitioners.

Lutz Alexander Prager, Asst. Deputy Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, DC, were on the memorandum in lieu of brief, for respondent.

John E. Scheuermann, with whom Richard P. Schmitt, Washington, DC, was on the brief, for intervenor.

Before FARRELL, WAGNER, and KING, Associate Judges.

PER CURIAM:

This petition for review challenges the District of Columbia Board of Zoning Adjustment's determination, upon reconsideration, that intervenor Eugene A. Thompson had complied with the Zoning Regulations which existed in 1982 when he applied for and received a certificate of occupancy for premises identified as Lot 360, 1744 Lanier Place, N.W. On the basis of this determination, the Board refused to order revocation of intervenor's certificate of occupancy for the premises.

---

* The disposition in this case was originally issued as a Memorandum Opinion and Judgment on February 9, 1994. It is being published, with only formal changes, upon the court's grant of respondent's motion to publish.

■ Our standards of review are undisputed. With respect to the Board's findings of fact, our concern is to determine whether substantial evidence of record supports each finding. *Levy v. District of Columbia Bd. of Zoning Adjustment*, 570 A.2d 739, 746 (D.C. 1990) (citations omitted). With respect to the Board's interpretation of the Zoning Regulations, our task is to decide whether that interpretation is legally consistent with the regulations. *Citizens Coalition v. District of Columbia Bd. of Zoning Adjustment*, 619 A.2d 940, 946 (D.C.1993). In making that determination, we give "great deference" to the agency's interpretation of its regulations, which we may not reverse unless it is "clearly erroneous or inconsistent with the regulations." *Draude v. District of Columbia Bd. of Zoning Adjustment*, 527 A.2d 1242, 1247 (D.C.1987) (citations omitted).

■ The pivotal factual determinations made by the Board in this case are as follows:

> On or about October 17, 1982, [intervenor] applied for a certificate of occupancy for 1744 Lanier Place, N.W. [Intervenor] indicated to the office of Zoning Administrator that he wished to operate a bed and breakfast establishment at the premises.... Mr. Fahey, the Zoning Administrator, told [intervenor] that for a bed and breakfast use, a rooming house certificate should be requested.
>
> *     *     *     *     *     *
>
> The Board finds that the government was aware of the intended use of the property when [intervenor] initially applied for the certificate of occupancy in 1982.

Petitioners do not claim in this court that these findings lack substantial support in the record. Instead, they contend that when intervenor applied for the certificate of occupancy, he was obligated not only to inform the Zoning Administrator of the intended use of the property (*i.e.*, as a bed and breakfast establishment), but also to select and indicate on the application for a certificate the existing use category that most closely fits the proposed use. Petitioners contend that in 1982 that category was not "rooming house," which was the certificate category for which intervenor applied, but "inn." In its initial ruling, the Board accepted this interpretation of an applicant's duty under the regulations. However, the Board, upon reconsideration, rejected this reading of the regulations, concluding instead that the applicant's duty is to inform the Zoning Administrator of the intended use of the property, and that "[t]he use must simply meet all of the requirements or come within all of the limitations of the Zoning Regulations governing that use." As we are unable to say that this interpretation is clearly erroneous or inconsistent with the regulations, *Draude, supra*, we must sustain it. *See, e.g.,* 11 DCMR § 3202.9 (1991) ("[A]ll applications for certificates of occupancy shall be accompanied *by information sufficiently complete to permit processing* without substantial change or deviation" (emphasis added)). The Board further concluded, and the regulations confirm, that intervenor's bed and breakfast establishment conformed to the definition of a "rooming house" in 1982, even if it more closely fit the definition of an "inn." [1] Inasmuch as intervenor's use of the property at Lot 360, 1744 Lanier Place, N.W. is therefore lawful under the certificate of occupancy he received in 1982, the Board properly determined that there is no basis to support revocation of the certificate, even though the regulations have since been altered. *See* D.C.Code § 5–423 (1988); *C & P Bldg. Ltd. Partnership v. District of Columbia Bd. of Zoning Adjustment*, 442 A.2d 129, 130 (D.C.1982). [2]

Accordingly, we sustain the decision of the Board refusing to revoke the rooming house certificate of occupancy for the premises at Lot 360, 1744 Lanier Place, N.W. We ex-

---

1. The regulations have since been changed substantially.

2. In view of our holding, we need not address the arguments of estoppel and laches asserted by intervenor.
   We reject as well petitioners' contention that intervenor's use of the property in question violates the Anti–Conversion Act, D.C.Code § 45–2561 (1990). Authority to invoke that Act resides in the Mayor and her delegate, *see* D.C.Code § 6–2711(a) (1989), not the Board of Zoning Adjustment, whose powers are limited to those set forth in D.C.Code § 5–424(g) (1988).

press no opinion regarding possible issues that arise from intervenor's occupancy and use of premises at Lot 359, 1746 Lanier Place, and Lot 824, 1748 Lanier Place, matters which the parties agree are not before us for decision.

*So ordered.*